## Retirement Payments by School Employes on Leave. No. 1

WOODWARD, Deputy Attorney General, July 27, 1943.—We have your request for advice concerning the effect of the decision of the Supreme Court of Pennsylvania in the case of Kurtz v. Pittsburgh et al., 346 Pa. 362 (1943), upon the constitutionality of the Act of August 1, 1941, P. L. 744, relating to the rights and privileges of public school employes who have been granted leaves of absence for military or naval service in time of war or National emergency.

You call our attention to the fact that it would be most unfortunate if public school employes, who have been granted leaves of absence because they had volunteered or had been called for military or naval service, should lose their service credits in the public school employes' retirement system while they are engaged in such services.

Specifically, you inquire:

"Do the retirement benefits of the act continue valid and effective and if so must the employing school district or the Commonwealth, as the case may be:

"(a) pay the full retirement contributions (advancing the retirement contributions for the employe as

well as the contribution the employer usually makes) ;

"(b) pay only the contributions which the employing agency would regularly pay;

"(c) pay no portion of the contributions to the Retirement Fund; and

"(d) if the employing school district or the Commonwealth can pay no portion of the retirement benefits, may the employe elect to pay the full contributions himself to the retirement system if he so desires?"

The aforesaid act which reserves all rights and privileges of public school employes granted leaves of absence, who shall volunteer or be called for military or naval service in time of war or during a state of National emergency, is the Act of August 1, 1941, P. L. 744, 24 PS §2371.1 et seq., the title to which is as follows:

"An act requiring school boards in all school districts, and boards of directors of all vocational school districts, to grant *leaves of absence to all school employes who shall volunteer or be called for military or naval service in time of war or during a state of national emergency;* preserving certain contracts, salaries, increments, retirement rights, seniority, State contributions and grants to local school boards, eligibility lists, reemployment; authorizing school boards and boards of directors of vocational schools to employ substitutes in place of such employes; requiring school districts and vocational school districts to make additional payments into the School Employes' Retirement Fund; *reserving all rights and privileges of employes granted leaves of absence* under the provisions herein, and superseding or repealing all contrary laws." (Italics supplied.)

Section 1 of the act is, in part, as follows:

"It is hereby declared to be the intention of this act that *such employes* so affected *shall retain all of the rights and privileges they shall have acquired prior to assignment to service under said Federal statutes,* or

any such rights and privileges they would have acquired or received, if they had not been assigned to such service; it is intended that such employes assigned to such service shall be considered in all respects to be continuing in the service of the school board or board of directors of vocational schools for which they were last working prior to such assignment to military or naval service." (Italics supplied.)

Section 3 (e) of the act, relating to the payment of the retirement contributions, states, inter alia, as follows:

"(e) The *school district* or vocational school district *shall pay into the School Employes' Retirement Fund* on behalf of each such employe, in addition to the contributions required by law to be made by it, the full amount of the contribution required by law to be paid by the employe, *so that such employe's retirement rights shall in no way be affected by such leave of absence.* In all cases where any part of the salary of any employe is payable to his dependents under the provisions of this act, the school district or vocational school district shall deduct from the part of his salary so payable, in so far as the same is sufficient therefor, all moneys paid by it into the retirement fund on account of the employe's contributions." (Italics supplied.)

Section 9 of the act provides that its provisions are severable, and section 6 of the act repeals, insofar as it applies to employes of school districts and vocational school districts, the Act of June 7, 1917, P. L. 600, relating to the payment to dependent wives and children of public employes in the armed forces of the United States of one half of the salary of such employes.

Your question whether the opinion of the Supreme Court in the Kurtz case, supra, invalidates the provisions of the Act of August 1, 1941, P. L. 744, supra, relating to the payment of retirement contributions by the school districts, raises no doubt in our minds.

In that case the Supreme Court held as follows, at page 386:

"*The Act of June 7, 1917, P. L. 600, as amended* by the Act of June 25, 1941, P. L. 207 and by the Act of April 21, 1942, P. L. 50 and the Act of May 6, 1942, P. L. 106 *so far as this original act and these later amendatory acts provide for the payment to dependent wives and children of public employees in the armed services of the United States,* of one half of the salary of such employees, not to exceed $2000 per year, and the payments to parents of such sums as the employees had heretofore been accustomed to contribute to their dependent parents, *are adjudged to be unconstitutional and void,* and the City of Pittsburgh and each and all of its officers are enjoined from expending or causing to be expended any public funds under the provisions of these just cited acts and amendatory acts." (Italics supplied.)

A cursory examination of the opinion of Chief Justice Maxey readily discloses that the attack against the constitutionality of the Act of June 7, 1917, P. L. 600, as amended, was not based upon unconstitutional payments to State employes themselves.

The court also said (pp. 373, 374):

"The State Employes Retirement System and the Teachers' Tenure Act . . . bear no legal resemblance to the instant Act. *The payments made to state employees and to teachers . . . are not gratuities made to the dependents of some employees.* (Italics supplied.)

In the minority opinion of Justice Linn, in the Kurtz case, supra, it was stated as follows (p. 397):

"Dependency is a fact which must be shown and we understand that proof of it is required in the administration of the Act . . ."

In the majority opinion of the court, Chief Justice Maxey stated (p. 376):

"The gratuities given by this Act to the kindred of employees is certainly *not* compensation for the service these employees are rendering the *state* and its *political sub-divisions.*"

The benefit of retirement payments granted by the Act of 1941, supra, is analogous to the allowance of "sick leaves", in reference to which Chief Justice Maxey, in the Kurtz case, supra, stated (pp. 376, 377) :

"It has also been suggested that what the state as an employer attempts to do here is analogous to its granting 'sick leaves' with pay to its employees. The answer to that is that if such reasonable leaves are granted by the state or a municipality to *all* of its employees there is no ground for attacking the statute under which the grant is made as special legislation. As nearly every individual is subject to occasional illness, sick leaves become an inevitable incident to all employment. If the state as an employer chooses to grant such leave with pay, for limited periods (such laws are usually for ten days or two weeks annually) this action does not involve an unconstitutional misuse of public funds. When a person enters into the service of the state at a weekly or annual salary he contracts to give his employer all the service required of him during working days, subject only to occasional interruptions by the illnesses common to man. Vacations and sick leaves reasonable in length of time, without deduction of pay, are now generally recognized as implied in contracts of public employment."

A careful study of the opinion reveals that it is not decisive of the question here involved, and a prolonged discussion of the opinion would serve no useful purpose. Suffice it to quote therefrom the following (pp. 373, 374) :

"The State Employes Retirement System and the Teachers' Tenure Act are cited in the Commonwealth's brief as examples of constitutional laws providing for gratuities and pensions. These Acts bear no legal resemblance to the instant Act. The payments made to

state employees and to teachers are made out of funds to which the beneficiaries have made large contributions and are commensurate with the length of service of the recipients, and they are not gratuities made to the dependents of *some* employees. In *Retirement Board of Allegheny County v. McGovern et al., Commissioners, Appellants*, 316 Pa. 161, 174 A. 400, the Court reiterated (p. 168) what was said in *Busser v. Snyder*, 282 Pa. 440, 454 'That the basis of the retirement pay is neither charitable nor benevolent but is for the faithful, valuable service actually rendered over a long period of years.' We also said (p. 169) that 'a pension is a bounty or a gratuity given for services that were rendered in the past' and that 'retirement pay is defined as "adjusted compensation" presently earned, which, with contributions from employees is payable in the future . . . When the conditions are satisfied . . . retirement pay becomes a vested right.' "

In passing upon the validity of the provisions of the retirement acts, it is necessary to keep in mind the character and purpose of such acts and the resulting liberality with which they must be construed.

In the cases of Dom v. State Employes' Retirement Board, and Demming v. State Employes' Retirement Board, 345 Pa. 489 (1942), the court said (p. 494):

"Employment contracts containing *provisions for retirement pay are liberally construed* to effectuate the declared intention of the parties to pay additional compensation for services rendered in the past." (Italics supplied.)

As was stated by Judge Wickersham in the case of Johnston v. State Employes' Retirement Board, 39 Dauph. 231, 242:

"*The retirement system is intended to be a highly beneficial one for faithful and superannuated state employees;* to seize upon mere technicalities to defeat the applications of those otherwise entitled, and those who have contributed to the fund for many years would be

defeating the very purpose for which the fund was established. For this reason *the statutes should be liberally and beneficially construed."* (Italics supplied.)

This doctrine has been universally followed in a number of cases, which have construed retirement laws in Pennsylvania and other jurisdictions.

From the foregoing statements, it is clear that the opinion in the Kurtz case, supra, does not invalidate the provisions of the Act of 1941, supra, relating to the payment of retirement contributions by the school districts.

The sole question raised by your inquiry is whether or not the opinion in the Kurtz case, which declares unconstitutional the provisions of the Act of 1917 relating to payments to dependent wives and children of public employes in the armed forces of the United States, can be extended to cover the Act of 1941, so as to declare invalid the provisions of that act which guarantee the payment by the school districts of retirement contributions on behalf of public school employes inducted into military or naval service.

We think not.

Were there any doubts, they would be dispelled by the concluding paragraph of the majority opinion of the court in the Kurtz case, supra, which is, in part, as follows (p. 386):

"The Act of June 7, 1917, P. L. 600, as amended . . . so far as this original act and these later amendatory acts provide for the payment to dependent wives and children of public employees in the armed services of the United States . . . are adjudged to be unconstitutional and void . . ."

In view of the foregoing, it is considered unnecessary to answer seriatim the four questions contained in your request for advice.

We are of the opinion, therefore, and you are accordingly advised that the opinion of the Supreme

Court in the case of Kurtz v. City of Pittsburgh et al., supra, does not invalidate the provisions of the Act of August 1, 1941, P. L. 744, 24 PS §2371.1 et seq., which requires that the school districts or vocational school districts shall pay into the School Employes' Retirement Fund on behalf of all public school employes who have been granted leaves of absence and have been inducted into the military or naval service in time of war or National emergency, in addition to the contributions required by law to be made by it, the full amount of the contribution required by law to be paid by the employe, so that such employe's retirement rights shall in no way be affected by such leave of absence.